IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| BARRY E. LIVINGSTON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:10-CV-118-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

The court, having reviewed petitioner's application to proceed in forma pauperis, has determined that the petitioner is entitled to proceed in forma pauperis under 28 U.S.C. § 1915(A)(1)-(2).

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Barry E. Livingston, a state prisoner currently incarcerated in Amarillo, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be summarily dismissed as successive. No service has issued upon respondent.

I. FACTUAL AND PROCEDURAL HISTORY

The Court takes judicial notice of the pleadings and state court records filed in petitioner's two prior federal habeas petitions, *Livingston v. Quarterman*, No. 4:09-CV-210-A, and *Livingston v. Johnson*, No. 4:99-CV-0946-Y. On October 10, 1991, pursuant to plea bargain agreements, petitioner pled guilty to possession of a controlled substance with intent to deliver and robbery causing bodily injury in Tarrant County, Texas, and received two concurrent 25-year sentences. Petitioner was released on parole in 2001. While on parole, he was arrested in November 2006 on a new charge of possession of a controlled substance. On January 16, 2008, he was convicted of the new offense and received a 5-year sentence. Petitioner's parole was thereafter revoked on February 26, 2008.

Petitioner filed his prior federal petitions on November 8, 1999, and April 7, 2009. In the first, petitioner challenged his 1991 conviction for robbery with bodily injury. In the second, petitioner challenged his 1991 conviction for possession of a controlled substance with intent to deliver, his ineligibility for mandatory supervision, and the denial of street and jail time credits toward his 25-year sentences following revocation of his parole. Petitioner's second federal habeas action remains pending

2

on appeal in the Fifth Circuit Court of Appeals.

## II. SUCCESSIVE PETITION

Title 28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). A petition is successive when it raises a claim or claims challenging the petitioner's conviction or sentence that were or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *See Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

In this petition, the Court understands petitioner to challenge two disciplinary proceedings conducted in September 2008 and April 2009, and the legality of his 25-year sentences, and, among other relief, to seek release to mandatory supervision and "permission to appeal successive application." Because petitioner could have raised these claims in one of his prior federal petitions, this petition is successive.

Before a petitioner may file a successive § 2254 petition, he must obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not demonstrated that he has obtained leave to file this petition from the Fifth Circuit Court of Appeals. Thus, this court is without jurisdiction to

3

consider the petition. *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED March 22, 2010.

JOHN McBRYDE
United States District Judge